UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACK BECKER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:05CV637 JCH |
| | ) |
| AMERICAN FOOD & VENDING | ) |
| SERVICE OF AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, filed March 14, 2006. Defendant American Food & Vending Service of America, Inc. ("AFV") alleges that Plaintiff Becker is not an eligible employee as defined by the Family and Medical Leave Act ("FMLA"). For the reasons discussed below, the Court denies the motion for summary judgment.

## BACKGROUND

Jack Becker was employed by AFV as a restaurant manager. His first day working for AFV was September 8, 2003. (Defendant's Statement of Uncontroverted Material Facts, Doc. No. 22 ¶ 1). On August 3, 2004, Becker collapsed at work and was taken to the hospital. (Id. ¶ 2). AFV put Becker down for vacation leave for the first two weeks of his illness. (Becker Deposition, Doc. No. 24, attached exh. 1, at 31). When he requested to use his five remaining vacation and personal leave days for the following week, AFV told him that they were putting him "on disability and family

1

leave." (Id.). AFV then sent Becker a FMLA leave request form, which he filled out and returned to them on August 23, 2004. (Doc. No. 24, attached exh. 2). AFV approved indefinite FMLA leave on September 7, 2004. (Id.). The form states that it is "necessary to verify that you qualify for leave...." (Id.). Shortly after he was released from the hospital on August 5, Becker spoke to his supervisor, who told him to "take all the time [he] need[s], just get well and get ready to come back to work." (Becker Deposition, Doc. No. 24, attached exh. 1, at 49). On October 22, Becker called his supervisor to tell him that the doctor had cleared him to return to work on November 1. (Id. at 51). His supervisor told him that he would call Becker on October 27 to let him know where to report and what his hours would be. (Id. at 66). When Becker did not hear from him on the 27th, he called to find out what was happening. His supervisor then told Becker that he had been terminated.[1] (Id. at 67-68).

Becker filed his original petition in the Circuit Court for the County of St. Louis on December 13, 2004. (Petition, Doc. No. 1, attached exh. 1). Defendant removed to this Court on April 21, 2005, based on federal question jurisdiction. (Notice of Removal, Doc. No. 1). Becker alleges violations of the Family and Medical Leave Act, and requests lost wages and benefits plus interest, reinstatement to his old job or an equivalent one, and liquidated damages available under FMLA. (Petition, Doc. No. 1, attached exh. 1).

AFV disputes that Becker is an eligible employee as defined by FMLA. The parties agreed to an amended case management schedule, by which this Court resolves the threshold issue of Becker's eligibility before the parties proceed with the remainder of discovery. (Doc. No. 19).

---

[1] There is a dispute as to whether Becker was terminated or laid off. (Becker Deposition, Doc. No. 24, attached exh. 1, at 71). The Court is not making a finding that he was terminated, it merely chose the term for consistency in this Order.

2

Accordingly, AFV filed its Motion for Summary Judgment on March 14, 2006. AFV contends that because Becker was not employed for 12 months before he fell ill, he is not an eligible employee. Becker argues that he was employed for 12 months, and in the alternative that AFV is equitably estopped from asserting his ineligibility.

## FAMILY AND MEDICAL LEAVE ACT

The Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq., was enacted in part "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(2). It allows an eligible employee to take up to 12 work-weeks off per year for a number of reasons, including a serious health condition. 29 U.S.C. § 2612(a)(1)(D). To be eligible, an employee must "have been employed ... (i) for at least 12 months by the employer with respect to whom leave is requested."[2] 29 U.S.C. § 2611(2)(A). FMLA provides that it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might

---

[2] There are other requirements, but this is the only one at issue here.

affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Id. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

AFV moves for summary judgment, alleging that, because Becker is not an eligible employee under FMLA, he cannot assert a claim for violation of the statute. Becker responds with two arguments. First, he contends that he was employed for at least 12 months by AFV. Second, he argues that AFV is equitably estopped from claiming that he is not an eligible employee.

**A.      Eligible Employee**

To be an eligible employee under FMLA, an employee must "have been employed ... (i) for

4

at least 12 months by the employer...." 29 U.S.C. § 2611(2)(A). Becker's first day of work was September 8, 2003;[3] he collapsed at work on August 3, 2004. Becker asserts that because his employment *spans* 12 calendar months, he is an eligible employee under FMLA: "the drafters of FMLA chose the language '12 months.' They did not choose to use 'one year,' or '365 days,' or even '12 full months.'" (Plaintiff's Memorandum in Opposition, Doc. No. 24, at 3). Becker cites to no authority to support this, other than an Eighth Circuit interpretation of Social Security regulation that the Court views as not relevant.

The Court sees no merit in his argument. The Eighth Circuit has stated that the "starting point in interpreting a statute is always the language of the statute itself." United States v. S.A., 129 F.3d 995, 998 (8th Cir.1997). If it is otherwise unambiguous, the statute's plain meaning controls. Hennepin County Med. Ctr. v. Shalala, 81 F.3d 743, 748 (8th Cir.1996). "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as having their ordinary, contemporary, common meaning." United States v. Fountain, 83 F.3d 946, 952 (8th Cir.1996).

The plain language of the statute, "for at least 12 months," disproves Becker's argument. Because neither the word 'for' nor 'month' are defined in FMLA, the Court will look to their ordinary usage. Webster's Dictionary provides many definitions for the word 'for,' the most relevant is "used to indicate amount, extent, or duration." Webster's II New Riverside University Dictionary at 495 (1984). Webster further defines 'month' as a "period extending from a date in one calendar month to the corresponding date the next month... four weeks... thirty days..." Id. at 768. Neither

---

[3] Becker also argues that his employment began on August 28, 2003, the date that he was offered the position. He cites no authority for this, and the Court finds no any reason to count a week and a half before Becker began work as part of his employment.

these definitions, nor any others, support Becker's reading of "for 12 months" to mean "spanning 12 calendar months." Becker's interpretation is contrary to the clear language of the statute.

**B.     Equitable Estoppel**

Becker next argues that AFV must be equitably estopped from arguing that he is not an eligible employee. "The principle of estoppel declares that a party who makes a representation that misleads another person, who then reasonably relies on that representation to his detriment, may not deny that representation." Farley v. Benefit Trust Life Ins. Co., 979 F.2d 653, 659 (8th Cir. 1992). The Eighth Circuit has held that equitable estoppel may be used to preclude an employer from asserting that an employee is not an eligible employee under FMLA. Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 493-94 (8th Cir. 2002). Equitable estoppel has three elements: (1) a representation, (2) reasonable reliance on that representation, and (3) a detriment. Farley, 979 F.2d at 659.

There is little dispute as to the first and third elements. AFV represented to Becker that he was eligible to take FMLA leave. An AFV representative, unsolicited, told Becker that AFV was putting him on FMLA leave instead of continuing to allow him to use his vacation and personal leave, as he had requested. AFV sent Becker a FMLA leave request form and approved the leave. An AFV representative also told Becker to take all of the time that he needed to recover before returning to work. As to the third element, Becker incurred a detriment, as he was terminated from his job at AFV.[4]

---

[4] AFV informs the Court that Becker was terminated for reasons not related to his absence, but this issue is not before the Court at this time.

The dispute here is whether or not Becker relied on AFV's representations. The central question is, if AFV had not represented to Becker that he was eligible to take 12 weeks of leave to recover, would he have returned to work when he had exhausted his vacation and personal leave.[5] To address this, Becker submits excerpts from his deposition. These excerpts show a genuine issue of material fact as to Becker's reliance. He testified that he felt ready to return to work before his doctor cleared him to return. (Becker Deposition, Doc. No. 24, attached exh. 1 at 45). He also testified, in response to the question "When was the first day you thought you could return to work?" that he "was feeling... [on the first doctor's visit] very... upset, or whatever you want to call it, anxiety. After the second visit, which was on the first of October, [he] was feeling more and more capable of going back to work." (Id. at 46). He also testified that he did not tell his doctor during his August appointment that he was ready to return to work. (Id. at 47). Viewing the facts in the light most favorable to the nonmoving party, with all justifiable inferences are to be drawn in Becker's favor, there is a genuine issue of material fact as to whether Becker relied on AFV's representation.[6]

---

[5] AFV argues that Becker cannot establish FMLA coverage by estoppel because the facts do not fall into one of the two "discrete contexts – one arising from reliance on when to start leave... and the other from reliance on when to conclude leave." (Defendant's Reply, Doc. No. 25, at 4). AFV attempts to draw bright lines where none exist. Equitable estoppel is an equitable doctrine, where there are few bright line rules. See Kosakow v. New Rochelle Radiology Assoc., P.C., 274 F.3d 706, 724 (2d Cir. 2001) ("nothing prevents a court from exercising its equitable powers to estop a party from raising a particular claim or defense. The doctrine of equitable estoppel is a judicial doctrine of equity which operates apart from any underlying statutory scheme. If all the elements of equitable estoppel are met, an employer may be estopped from challenging an employee's eligibility as a result of the employer's misconduct in failing to post the required notice.").

In addition, under AFV's rubric, Becker asserts "front end" estoppel – had he known that he was not eligible under FMLA, he would have only used his vacation and personal leave, and would never have taken FMLA leave.

[6] The Court is not ruling that equitable estoppel applies to bar AFV from asserting that Becker is not an eligible employee. It is simply ruling that there is an issue of fact as to Becker's reliance on AFV's representations.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 20) is hereby **DENIED** without prejudice.

Dated this 28th day of April, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE